**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., an Iowa Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: |
| PRINCIPAL EAGLE FINANCIAL, INC., a Florida Corporation | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, CYBERSQUATTING AND TRADEMARK DILUTION**

Plaintiff, Principal Financial Services, Inc. (hereinafter "Plaintiff" or "Principal"), brings this action against Defendant Principal Eagle Financial, Inc. (hereinafter referred to as "PEF" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

Principal brings this action to protect one of its most valuable assets: its PRINCIPAL trademark. Principal seeks to put an end to Defendant's unlawful use of the infringing PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks – such use having continued despite Principal's demands that Defendant cease and desist. Principal therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition and cybersquatting under the Lanham Act, Title 15, United States Code §1051, *et seq*., and the statutes and common laws of the State of Florida.

## PARTIES

1.	Principal is a corporation duly organized and existing under the laws of the State of Iowa and located at 711 High Street, Des Moines, Iowa 50392.

2.	Principal is a direct, wholly owned subsidiary of Principal Financial Group, Inc. (NASDAQ-PFG).

3.	Principal is a Fortune 500® company and owns the family of famous PRINCIPAL and PRINCIPAL formative trademarks in the United States and throughout the world.  Principal, through its various member companies and licensees, uses its family of famous PRINCIPAL and PRINCIPAL formative trademarks in interstate commerce and throughout the world in connection with a variety of services including, but not limited to, real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds, retirement, and global asset management.

4.	Defendant Principal Eagle Financial, Inc. is a corporation organized under the laws of the State of Florida and is domiciled at 706 E. Columbus Dr., Tampa, Florida, 33602.

5.	Upon information and belief, Defendant Principal Eagle Financial, Inc. offers a variety of financial and lending services ("Defendant's Service") throughout the State of Florida and in interstate commerce under the trade names and service marks PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE.

6.	Upon information and belief, Defendant developed, published and maintains a website using the domain name <principaleagle.com>.

7.	Upon information and belief, on its website, Defendant states: "At PRINCIPAL EAGLE FINANCIAL INC., we treat each customer as an individual, not a number. We don't place you

2

into a loan profile formula created by the banking industry. We use "common sense" and will help you obtain the best loan possible. We represent a wide range of "A" rated lenders with first quality rates to private "hardship" lenders. We work with more than 100 investors. This allows us to get you the best rates on all types of loan programs including: 30yr mortgage, 20yr mortgage, 15yr mortgage, 10yr mortgage, 1yr ARMS, 3yr ARMS, 5yr ARMS, Conventional, Jumbo, Home Equity Lines, VA and Commercial. Whether your situation calls for Full Documents, No Documents, Non-Owner Occupied (Investor) or Multi-Family, we'll fit your needs!" See, Exhibit 1.

## JURISDICTION AND VENUE

8.      This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq.*, subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. §1367.

9.      This is an action in which the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

10.      This Court has personal jurisdiction over Defendant.  Principal Eagle Financial, Inc. is a business entity formed under the authority of the State of Florida and is domiciled within the state.  Defendant purposefully availed itself of the benefits of doing business in Florida by actually transacting business in Florida and can reasonably anticipate being haled into court in Florida as a result of those business transactions.  By its residency and transacting business within the State of Florida, Defendant has sufficient contact with the state to establish that this Court has personal jurisdiction over Defendant.

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

11.     Venue is proper in this District pursuant to 28 U.S.C. §§1391 (b) and (c).  Defendant

markets and offers its services in interstate commerce and within the Middle District of Florida

under the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service

marks.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

<u>**The Famous PRINCIPAL Family of Trademarks**</u>

12.     Founded more than a century ago, Principal is one of the oldest and most respected

providers of real estate, insurance, underwriting, investment, investment management,

investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds,

retirement, and global asset management services (hereinafter "Plaintiff's Services").  Principal,

via its predecessor in interest, has used its famous PRINCIPAL mark since at least as early as

1960.  Today Principal is one of the top providers of financial, investment, retirement, insurance

and asset management services in the United States and around the world and has more than

$714 billion in assets under management, as of the end of the first quarter 2022.  Examples of

Principal's use of its PRINCIPAL mark can be found in attached <u>Exhibit 2.</u>

13.     By its longstanding and widespread use of the PRINCIPAL mark in connection with a

variety of services, Principal is the owner of the family of famous PRINCIPAL and PRINCIPAL

formative trademarks, including, but not limited to, PRINCIPAL, THE PRINCIPAL,

PRINCIPAL FINANCIAL GROUP, PRINCIPAL REAL ESTATE INVESTORS, PRINCIPAL

GLOBAL INVESTORS, PRINCIPAL LIFE INSURANCE COMPANY and PRINCIPAL

ASSET MANAGEMENT.  Principal has applied for and obtained numerous United States

Trademark Registrations for marks that consist of or incorporate the term "Principal".  See,

4

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

Exhibit 3. Copies of Principal's United States Trademark Registration Certificates are attached

hereto as Exhibit 4. Principal's common law PRINCIPAL formative marks along with the uses,

Registrations, and Applications depicted in Exhibits 3, 4, and 5 are hereinafter collectively

referred to as the "PRINCIPAL Family of Marks".

14.     Principal has invested more than one billion dollars in advertising and promoting its

products and services under the PRINCIPAL Family of Marks, thus developing valuable

goodwill and establishing the PRINCIPAL Family of Marks as a designation of source for

Principal's services. Principal's customers have come to rely on the PRINCIPAL Family of

Marks as a symbol of quality and reliability.

15.     Since long before the acts of the Defendant complained of herein, Principal and/or its

affiliates, licensees, or predecessors-in-interest have continuously used one or more of the marks

that comprise its PRINCIPAL Family of Marks in the State of Florida and elsewhere in interstate

commerce.

## Defendant's Infringing and Dilutive Acts

16.     Defendant offers Defendant's Services in interstate commerce and in channels of trade

similar to those of Principal and/or its affiliates and/or licensees.

17.     Principal sent a demand letter to Defendant on April 4, 2019, which resulted in Defendant

agreeing to cease any and all use of PRINCIPAL EAGLE FINANCIAL trade name and service

mark as well as any other PRINCIPAL or PRINCIPAL formative name or mark by no later than

May 13, 2020.

18.     Despite Defendant's assurances that it had begun transitioning away from use of

PRINCIPAL EAGLE FINANCIAL by registering a new corporation under the name ARIZ

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

LENDING INC. on January 1, 2020, Defendant has failed to make any public facing changes and on September 24, 2021 ARIZ LENDING INC. was dissolved by the State of Florida for failing to submit its Annual Report.  To date, Defendant continues to use the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and services marks within the State of Florida and in interstate commerce in connection with Defendant's Services.

19.     Notwithstanding Principal's well-established rights in and to the PRINCIPAL Family of Marks and with constructive and/or actual knowledge of same, Defendant commenced use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks in connection with Defendant's Services within the State of Florida and in interstate commerce.

20.     Defendant's use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks is likely to cause confusion as to source of, origin of, sponsorship with, or affiliation with Plaintiff's PRINCIPAL Family of Marks.

21.     Defendant's PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks are confusingly similar to one or more of the marks in Plaintiff's PRINCIPAL Family of Marks.

22.     Plaintiff's Services and Defendant's Services and the classes of consumers who purchase such services are identical or virtually identical.

23.     Defendant adopted the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks without the express or implied consent of Plaintiff.

24.     At no time did Plaintiff authorize, license, or otherwise permit Defendant to use or display any of the marks making up the famous PRINCIPAL Family of Marks or any marks that incorporate the PRINCIPAL mark.

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

25. Defendant has been informed of Principal's rights in its famous PRINCIPAL Family of Marks and nevertheless continues to use the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks, trading on the goodwill Principal has built over more than sixty years, despite Principal's objections.

26. Defendant has used and continues to use the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks in interstate commerce in connection with Defendant's Services in direct violation of Principal's rights in and to the PRINCIPAL Family of Marks, despite Plaintiff's consistent and ongoing objection to the same.

27. Defendant's infringing activities continue despite actual and/or constructive notice of Principal's rights in and to its famous PRINCIPAL Family of Marks, thus Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

28. Defendant's past and ongoing use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks, which is confusingly similar to one or more of the marks in the famous PRINCIPAL Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the PRINCIPAL Family of Marks and Plaintiff's business reputation.

29. Defendant's use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks, which is confusingly similar to one or more of the marks in the

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

famous PRINCIPAL Family of Marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services.

30.     Defendant does not have a legitimate reason or good faith basis to use the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks in commerce.

31.     Defendant's continued use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks after receiving notice of Plaintiff's rights establishes Defendant's intent to profit from the goodwill and value of Plaintiff's PRINCIPAL Family of Marks.

32.     In light of Defendant's actual and/or constructive notice of Principal's rights in and to its famous PRINCIPAL Family of Marks, Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

<u>COUNT I</u>
<u>Violations of Section 32(1) of the Lanham Act – Trademark Infringement</u>

33.     Principal repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

34.     Defendant's use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks is likely to cause confusion, mistake, or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

35.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's Services, to injure Principal, and/or to reap the benefit of Principal's goodwill associated with the PRINCIPAL Family of Marks.

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

36.     Defendant's acts as alleged herein constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

37.     Defendant's acts as complained herein have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

38.     Plaintiff has no adequate remedy at law.

39.     Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

**COUNT II**
**Violation of Section 43(a) of the Lanham Act – Unfair Competition**

40.     Principal repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

41.     Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendant's Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's Services, and are intended, and are likely to cause such parties mistakenly to believe that Defendant's Services have been authorized, sponsored, approved, endorsed or licensed by Principal, or that Defendant is in some way affiliated with Principal, which it is not.

42.     Defendant's use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

43.     Defendant's acts, as alleged herein, constitute willful trademark infringement as
contemplated by the Lanham Act, 15 U.S.C. §1117.

44.     Defendant's acts, as complained of herein, have caused irreparable injury and damage to
Plaintiff and, unless restrained, will continue to do so.

45.     Plaintiff has no adequate remedy at law.

46.     Plaintiff has suffered and continues to suffer economic loss directly and proximately
caused by Defendant's acts alleged herein.

## COUNT III
## Violation of Section 43(c) of the Lanham Act – Trademark Dilution

47.     Principal repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set
forth herein.

48.     Based on the inherent or acquired distinctiveness of the PRINCIPAL Family of Marks,
the duration and extent of Principal's use of the PRINCIPAL Family of Marks, the duration and
extent of advertising featuring the PRINCIPAL Family of Marks, the geographic area in which
Principal has sold and advertised goods or services featuring the PRINCIPAL Family of Marks,
the nature of the trade channels Principal uses to market goods or services featuring the
PRINCIPAL Family of Marks compared to the channels through which Defendant sells its
services, the degree of public recognition of the PRINCIPAL Family of Marks, and the various
federal registrations for the PRINCIPAL Family of Marks, the PRINCIPAL Family of Marks has
become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

49.     The aforesaid willful and deliberate acts of Defendant, all occurring after the
PRINCIPAL Family of Marks became famous, have caused and continue to cause dilution or are
likely to cause dilution of the famous PRINCIPAL Family of Marks and thus constitute

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). Unless Defendant is enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

50.     Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

**COUNT IV**
**Violation of Section 43(d) of the Lanham Act – Cybersquatting**

51.     Principal repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

52.     On information and belief, Defendant is the registrant of the domain name <principaleagle.com> (the "Domain Name") or is the authorized licensee of the registrant of the Domain Name.

53.     Defendant has used the Domain Name with a bad faith intent to profit from the use of the PRINCIPAL trademark, which is a well-known and indeed famous mark.

54.     Defendant's bad faith intent regarding the Domain Name is shown from, among other things, the fact that Defendant has sought to trade off the valuable goodwill in Principal's famous PRINCIPAL mark in the provision of Defendant's Services by means of the Domain Name. Such infringing use is not a *bona fide* offering of any goods or services.

55.     Defendant's infringing activities (including the Defendant's Services) undertaken at the website published at the Domain Name further demonstrate Defendant's bad faith, in that such infringing activities show an intent to divert consumers from Principal's own websites and other online locations in a manner that harms the goodwill of the PRINCIPAL Family of Marks.

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

56.     Defendant's use of the Domain Name has been for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendant's website published at the Domain Name.

57.     The Domain Name was registered on December 10, 2015. Principal's PRINCIPAL mark, and other marks in the PRINCIPAL Family of Marks were, by the date of the registration of the Domain Name, distinctive and indeed famous.

58.     The Domain Name comprises Principal's PRINCIPAL mark in its entirety, and thereby is identical or confusingly similar to the PRINCIPAL mark.

**COUNT V**
**Violation of Florida's Common Laws Against Unfair Competition**

59.     Principal repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

60.     Principal enjoys well-established common law service mark rights in and to the PRINCIPAL Family Marks, these rights are superior to any rights that Defendant may claim, and that Principal has built significant goodwill in same.

61.     Principal first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify, or denominate particular goods and/or services rendered or offered by Principal and to distinguish them from similar goods and services rendered or offered by others.  As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

62.     Defendant has used, in connection with Defendant's Services, terms or names that are identical or confusingly similar to Plaintiff's PRINCIPAL Family of Marks and which are likely to cause and/or have caused confusion or mistake as to the source, affiliation, connection, or

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

association of Defendant's Services in that consumers thereof are likely to associate or have associated such services as originating with Principal, all to the detriment of Principal.

63.    Plaintiff has no adequate remedy at law.

64.    Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A.  Find that Defendant willfully violated Sections 32(1), 43(a), 43(c) and 43(d) of the Lanham Act, 15 U.S.C. §1051 *et seq*.;

B.  Find Defendant liable for acts of unfair competition in violation of Florida State common laws;

C.  Preliminarily and permanently enjoin Defendant and any agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from use of the PRINCIPAL EAGLE FINANCIAL and PRINCIPAL EAGLE trade names and service marks or any other colorable imitation of any PRINCIPAL and/or PRINCIPLE trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

D.  Pursuant to 15 U.S.C. §1118, order Defendant to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions, and all other matter in custody or under the control of Defendant that bear any of the PRINCIPAL Family of Marks or any other mark that is likely to be confused with one or more of the PRINCIPAL Family of Marks;

**FRIEDLAND VINING, P.A.** • Miami, Florida • COURT@FRIEDLANDVINING.COM

E. Order that the domain name <principaleagle.com> be transferred to Plaintiff.

F. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendant resulting from the infringing acts complained of herein;

G. Order an award of three times the amount of Plaintiff's damages or Defendant's profits, whichever is greater;

H. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

I. Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Order;

J. Award Plaintiff all costs, disbursements, and reasonable attorneys' fees, due to the exceptional nature of the case pursuant to 15 U.S.C. §1117; and

K. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

<u>**JURY DEMAND**</u>

Plaintiffs hereby demand trial by jury on all issues.

**DATED**:        September 13, 2022                    Respectfully submitted,

                                                        **FRIEDLAND VINING, P.A.**

                                                        /s/David K. Friedland
                                                        David K. Friedland
                                                        Florida Bar No. 833479
                                                        Email: dkf@friedlandvining.com
                                                        Jaime Rich Vining
                                                        Florida Bar No. 030932
                                                        Email: jrv@friedlandvining.com
                                                        6619 S. Dixie Highway, #157
                                                        Miami, FL 33143
                                                        (305) 777-1725 – telephone

and

Richard B. Biagi (*Pro Hac Vice to be filed*)
Illinois Bar No. 6274572
Email: rbiagi@nealmcdevitt.com
1776 Ash Street
Northfield, Illinois 60093
Telephone: (847) 441-9100

*Counsel for Plaintiff*