UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRINCIPAL FINANCIAL SERVICES,
INC,

    Plaintiff,

v.                                               Case No: 8:22-cv-2125-CEH-JSS

PRINCIPAL EAGLE FINANCIAL,
INC.,

    Defendant.
_____/

## ORDER

    Plaintiff moves for an order extending the deadline to serve the Summons and Complaint on Defendant. (Dkt. 16.) Alternatively, Plaintiff requests an order authorizing alternate service of process on Defendant. (*Id.*) Upon consideration, Plaintiff's Motion is granted in part and denied in part.

    Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081 of the Florida Statutes provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an

alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). "However, if service cannot be made on a registered agent because of failure of the corporation to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." *Id.* Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091(1)-(2).

Here, Plaintiff asserts that it has attempted service of process on Defendant but was unsuccessful due to Defendant's failure to abide by Section 48.091 of the Florida Statutes. Specifically, Plaintiff asserts that when it first attempted to serve Defendant at its address registered with the State of Florida, "[a] business with a different name than Defendant was operating at this address, and the office manager of that business gave the process server a new address for Yuli Ariza, Defendant's agent for service of process: 6322 Ridge Rd., Port Richey, Florida, 34668." (Dkt. 16 ¶ 2.) Approximately one week later, Plaintiff asserts that it attempted service at the 6322 Ridge Rd. address, but an individual named "Ryan" informed the process server "that the address is for The Realty Board and that he believed that Principal Eagle moved to Tampa." (*Id.* ¶ 4.) In light of these assertions, Plaintiff asserts that it has yet to effectuate service upon Defendant and requests an extension of time to do so.

Pursuant to Federal Rule of Civil Procedure 4(m), the court "must extend the time for service for an appropriate period" if the plaintiff shows good cause for failure to timely serve a defendant. Considering Plaintiff's efforts to serve Defendant, Plaintiff has demonstrated good cause to extend the time to effectuate service. Plaintiff's Motion is therefore granted in this regard.

Plaintiff's requests for alternative means to serve process, however, are denied. As its first option to serve Defendant by alternative means, Plaintiff requests leave to serve Defendant by having its process server leave the summons and Complaint with "Ryan," since additional investigative research "informed" Plaintiff that Defendant's registered agent, Yuli Ariza, is in fact the registered agent for The Realty Board. (Dkt. 16 ¶ 10.) Notwithstanding Plaintiff's assertions, Plaintiff does not identify "Ryan" as an employee of Yuli Ariza for Defendant. As such, Plaintiff's request to serve process by leaving the Summons and Complaint with "Ryan" is denied. *See* Fla. Stat. § 48.081(3)(a).

As its second option to serve Defendant by alternative means, Plaintiff requests leave to serve Defendant via email pursuant to Section 48.102 of the Federal Statutes. (Dkt. 16 ¶ 13). Section 48.102, however, does not become effective until January 2, 2023. *See* Fla. Stat. § 48.102. Plaintiff's request is therefore denied.

Accordingly, Plaintiff's Motion to Extend Deadline to Serve Summons and Complaint and for Leave to Serve by Alternative Means (Dkt. 16) is granted in part and denied in part. The court will permit Plaintiff a 60-day extension of time to effect

service on Defendant or to file a renewed motion demonstrating, with citation to legal authority, that substitute service is proper.

**ORDERED** in Tampa, Florida, on December 19, 2022.

>    JULIE S. SNEED
> UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record