UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRINCIPAL FINANCIAL SERVICES,
INC,

    Plaintiff,

v.                                                      Case No: 8:22-cv-2125-CEH-JSS

PRINCIPAL EAGLE FINANCIAL,
INC., THE REALTY BOARD, INC.
and YULI ARIZA,

    Defendants.

---

**FINAL JUDGMENT AND PERMANENT INJUNCTION BY CONSENT**

This action having been commenced by Plaintiff, Principal Financial Services, Inc. ("Plaintiff"), against Defendants Principal Eagle Financial, Inc., The Realty Board, Inc., and Yuli Ariza ("Defendants"), and the parties having agreed to settle this matter and to terminate this action by a Final Judgment and Permanent Injunction by Consent, and the Court being duly advised, the Court finds as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. This is an action for trademark infringement, unfair competition and trademark dilution under the laws of the United States, Title 15, United States Code, and under the laws of the State of Florida. This Court has jurisdiction over the subject matter of the Complaint in this action based on 28 U.S.C. §§ 1332, 1367 and 1338 and 15 U.S.C. § 1121. This Court has personal jurisdiction over the Defendant. Venue is proper within this judicial district.

2. Plaintiff is a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business at 711 High Street, Des Moines, Iowa, 50392, and Plaintiff is the owner of the famous family of PRINCIPAL and PRINCIPAL formative trademarks ("PRINCIPAL Family of Marks"). Plaintiff, through its various member companies and licensees, uses the PRINCIPAL Family of Marks throughout the world in connection with a variety of services including, but not limited to, financial, banking, insurance, investment, investment management, investment advisory, estate planning, underwriting, lending, mutual funds, real estate, retirement, employee benefits, and global asset management.

3. Defendant Principal Eagle Financial is a Florida corporation located at 6322 Ridge Rd., Port Richey, FL 34668. Defendant The Realty Board, Inc. is a Florida corporation located at 6322 Ridge Rd., Port Richey, FL 34668. Defendant Yuli Ariza is an individual residing in Florida. Defendants offer real estate and financial services in interstate commerce under the trade names and service marks PRINCIPAL EAGLE FINANCIAL, PRINCIPAL EAGLE REALTY, and PRINCIPAL EAGLE (hereinafter the "PRINCIPAL EAGLE Marks"). Defendants are conducting business within the State of Florida and in interstate commerce.

4. Defendants acknowledge that Plaintiff, via its affiliates, licensees or predecessors-in-interest, has used one or more of the marks making up its famous PRINCIPAL Family of Marks since at least as early as 1960 in

connection with, *inter alia*, financial analysis and consulting, management of securities and securities brokerage services.

5. Defendants acknowledge that Plaintiff is the owner of all common law rights in the PRINCIPAL Family of Marks.

6. Any unauthorized advertising, promotion, distribution or sale of, financial, banking, insurance, investment, investment management, investment advisory, estate planning, underwriting, lending, mutual funds, real estate, retirement, employee benefits, global asset management, and/or healthcare related services by Defendants using a trademark or trade name incorporating PRINCIPAL and/or PRINCIPLE is likely to confuse, mislead or deceive the public into believing that such goods or services originate from or are sponsored or authorized by Plaintiff and constitutes trademark infringement, unfair competition and trademark dilution in violation of Federal law and the laws of the State of Florida.

7. The parties have agreed to the entry of this Order as a part of a settlement and each party has read this Order and agrees to be fully bound by its terms.

**IT IS HEREBY ORDERED:**

A. Defendants, as well as any of their owners, officers, agents, servants, employees, successors and assigns and all other persons in active concert or participation with them, are hereby immediately and permanently enjoined and restrained from:

1. using any PRINCIPAL and/or PRINCIPLE formative trademark, trade name and/or domain name in connection with any real estate, financial, consulting, banking, insurance, investment, investment management, investment advisory, estate planning, underwriting, lending, mutual funds, retirement, employee benefits, global asset management, and/or healthcare related services including but not limited to any use on any signage, electronic materials, branding materials, domain names, web sites, social media and other printed or promotional materials relating to such services (but Defendants may use the words "principal" or "principle" for their ordinary English language meanings in the text of any signage, electronic materials, branding materials, web sites, social media and other printed or promotional materials so long as such usage does not constitute source indication or tagline usage);

2. making any false and/or misleading statements in the advertising, promotion and offering for sale of real estate, financial, consulting, banking, insurance, investment, investment management, investment advisory, estate planning, underwriting, lending, mutual funds, retirement, employee benefits, global asset management, and/or healthcare related services that would be likely to confuse, mislead and/or deceive customers and/or potential customers into believing that such services originate from Plaintiff; and

3. assisting, aiding and/or abetting any other person and/or business entity in engaging in and/or performing any of the activities enjoined herein.

B. Defendants are further ordered to take the following steps by January 2, 2024: file all necessary documentation to effectuate a change of name with any and all licensing bodies and other such governmental and/or regulatory agencies. The new name(s) shall not incorporate, contain or resemble in any confusingly similar fashion any of the PRINCIPAL Family of Marks set forth in the Complaint and/or the terms PRINCIPAL or PRINCIPLE.

C. Defendants are further ordered to undertake best efforts to provide written notice within thirty (30) days to telephone directories, trade directories and any other business or promotional directories or journals Defendants have used or appeared in, informing such publication of its new name(s) and requesting that such publication change Defendants' listing(s) in the next printing.

D. Defendants are further ordered to file with this Court and serve upon counsel for Plaintiff on or before January 2, 2024, a report in writing, under oath, outlining in detail steps taken to comply with this FINAL JUDGMENT AND PERMANENT INJUNCTION BY CONSENT.

E. Before any attempt to enforce compliance with Sections B, C, or D of this Judgment, Plaintiff shall provide written notice to Defendants detailing the exact alleged violation of this Judgment and allowing a reasonable time of

no less than 3–5 days to cure such violation or to propose reasonable terms for a cure.

**IT IS FURTHER ORDERED:**

If there are any violations of Section A of this Judgment, Plaintiff may seek full damages and profits, trebled as prescribed by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), as well as its costs and attorneys' fees and any such other and further relief to which it may be entitled. The jurisdiction of this Court is retained for one year from the date of this Order for the purpose of making any other orders necessary or proper to construe, enforce or implement the terms of this Judgment and to punish or award damages or violations thereof.

**IT IS FURTHER ORDERED**:

The Joint Motion for Entry of Final Judgment and Permanent Injunction By Consent is granted (Doc. 44)

The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties